# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA EPLEY, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| LAURA SCHWINGE, | § | SA-08-CV-1008 FB (NN) |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

## REPORT AND RECOMMENDATION

To:  Honorable Fred Biery
     United States District Judge

This report and recommendation addresses plaintiff Laura Epley's motion for default judgment and motion to dismiss. The district court has jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000.00.[1] I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the pleadings in this case, I recommend denying Epley's motions.

This lawsuit involves a property dispute between Epley and her ninety-year-old grandmother—defendant Laura Schwinge. Previously, Schwinge executed a gift deed, transferring acreage in Kerr County, Texas, to Epley. Months later, Epley contracted to sell the

---

[1] 28 U.S.C. § 1332(a).

[2] Docket entry # 15.

property. Before the sale, Epley learned that Schwinge had executed a correction deed, encumbering the title and preventing the sale. In this lawsuit, Epley asks the district court to declare that she has title to the property and order Schwinge to remove all encumbrances. Epley also sued her grandmother for tortiously interfering with the contract to sell the property.[3]

In response, Schwinge asserted that Epley exercised undue influence over her, placing her under duress and inducing her to transfer the property.[4] Schwinge maintained that Epley obtained the transfer through the fraudulent promise that Epley would take care of Schwinge for the rest of her life. Schwinge also brought a counterclaim for common law fraud and statutory fraud under the Texas Business and Commerce Code.

There are two motions pending. Epley filed a motion for default judgment after Schwinge failed to answer within the time permitted under Rule 4 of the Federal Rules of Civil Procedure. Although Schwinge did not answer within the required time, courts prefer to resolve cases on their merits rather than using default judgments.[5] The day after Epley asked for a default judgment, Schwinge filed an answer, demonstrating her intent to defend herself in this lawsuit.[6] Under these circumstances, Epley is not entitled to a default judgment. The motion should be denied.

The second motion is Epley's motion to dismiss.[7] In the motion, Epley asked the district

---

[3]Docket entry # 1.

[4]Docket entry # 8.

[5]*See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

[6]Docket entry # 7.

[7]Docket entry # 10.

2

court to dismiss Schwinge's counterclaims because Schwinge did not plead fraud with particularity. Epley also argued that Schwinge's statutory-fraud claim fails to state a claim upon which relief can be granted because it relies on an agreement outside the terms of the gift deed.

A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud . . . .").[8] To prove Texas statutory fraud, the plaintiff must show that the defendant made the false representation or promise "for the purpose of inducing that person to enter into a contract."[9] Under Texas law, a "promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made."[10] Responding to Epley's motion, Schwinge asked for leave to amend her counterclaim.[11] I granted the motion.[12] Schwinge's amended counterclaim pleads fraud with particularity. The counterclaim alleges that in order to induce Schwinge to transfer the property, Epley promised to care for Schwinge for the rest of her life and to live with Schwinge on the property.[13] Schwinge maintained that Epley never intended to keep her promises. These allegations state a claim upon which relief may be granted because Schwinge alleges that Epley made promises—with no intention of performing—for the purpose of inducing her to transfer the property. As amended,

---

[8]Fed. R. Civ. P. 9(b) (requiring a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud . . . .").

[9]Tex. Bus. & Comm. Code Ann. § 27.01(a)(1)(A).

[10]*Formosa Plastics Corp. USA v. Presidio Engineers and Contractors*, 960 S.W.2d 41, 48 (Tex. 1998).

[11]Docket entry # 13.

[12]*See* text order, dated 3/24/2009.

[13]Docket entry # 18.

no basis exists to dismiss Epley's counterclaims. The motion to dismiss should be denied.

Recommendation. For the reasons discussed above, I recommend denying the motion for default judgment (docket entry # 4) and the motion to dismiss (docket entry # 10).

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[14] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[15] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

---

[14] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[15] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

district court.[16]

    **SIGNED** on March 25, 2009.

                                          _____
                                          NANCY STEIN NOWAK
                                          UNITED STATES MAGISTRATE JUDGE

---

[16]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).